**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Daniel D. Domenico**

Civil Action No. 1:26-cv-00689-DDD-STV

SOMVIR SOMVIR,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility;
DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; and
TODD BLANCHE, Attorney General of the United States,

Respondents.[1]

---

**ORDER**

---

I previously ordered the respondents to provide the petitioner with a bond hearing before an immigration judge at which the Government must bear the burden of proving that the petitioner is a flight risk by a preponderance of the evidence or a danger by clear and convincing evidence. Doc. 22. An Immigration Judge held a bond redetermination hearing on July 23, 2026. *See* Doc. 25-1. On July 24, the IJ issued a written bond decision. *Id.* The IJ found that the Department of Homeland Security met its burden to show that "release would present an unacceptable flight risk by the preponderance of the evidence" because the petitioner has limited ties to the community, has demonstrated an

[1] To the extent that any of the original respondents has ceased to hold office during the pendency of this action, that party's successor "is automatically substituted as a party," and "any misnomer not affecting the parties' substantial rights must be disregarded." Fed. R. Civ. P. 25(d).

"unwillingness to communicate with his [previous] immigration attorney and to comply with the Court's orders," and has a "speculative likelihood that relief from removal would be granted." *Id.* at 4-5. The IJ further found that no amount of bond or combination of conditions could mitigate the significant risk of flight. *Id.* at 5. The IJ also found that DHS demonstrated by clear and convincing evidence that the petitioner is a danger to the community. *Id.* at 4.

The petitioner argues that this bond hearing failed to satisfy due process because he was not given adequate notice and a meaningful opportunity to respond to the IJ's theory of dangerousness. Doc. 25 at 2, 4-8. But the petitioner does not address the IJ's second, independent finding that release would present a risk of flight that cannot be mitigated. *See* Doc. 25.

"While the Court is empowered to prescribe the applicable burden of proof an IJ must apply at a bond hearing in the name of due process, and to ensure that its Orders are followed, it does not have the authority to proceed to apply that burden to the evidence or second-guess the IJ's application of the burden." *Rodriguez Hernandez v. Baltazar*, No. 1:26-cv-01795-GPG, slip op. at 2 (D. Colo. July 2, 2026), ECF No. 15 (citation omitted). And the Immigration and Nationality Act "explicitly precludes judicial review of discretionary IJ decisions concerning revocation or denial of bond under 8 U.S.C. § 1226(a)." *Id.* (citing 8 U.S.C. § 1226(e)). The IJ applied the prescribed burden of proof and found that DHS showed by a preponderance of the evidence that the petitioner presents a risk of flight that cannot be adequately mitigated. The respondents have sufficiently complied with my orders to provide the petitioner with a bond hearing, and I do not find that the July 23 bond hearing was procedurally unfair or that the petitioner's continued detention violates the INA or the Due Process Clause. *Cf. id.* at 2-3.

Accordingly, it is **ORDERED** that:

The petitioner's Request That the Court Grant the Writ of Habeas Corpus, **Doc. 25**, is **DENIED**;

The Orders to Show Cause, **Docs. 6, 16**, are **DISCHARGED**;

The Verified Petition for Habeas Corpus, **Doc. 1**, is **DISMISSED WITHOUT PREJUDICE**;

The Motion for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction, **Doc. 2**, is **DENIED AS MOOT**;

Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is **DIRECTED** to: (1) substitute David Venturella, Acting Director of Immigration and Customs Enforcement, in place of Respondent Todd Lyons; (2) substitute Markwayne Mullin, Secretary of the U.S. Department of Homeland Security, in place of Respondent Kristi Noem; and (3) substitute Todd Blanche, Attorney General of the United States, in place of Respondent Pamela Bondi; and

The Clerk of Court is **FURTHER DIRECTED** to close this case.

DATED: September 30, 2026

BY THE COURT:

Daniel D. Domenico
Chief United States District Judge